UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOYCE HUTTON,

          Plaintiff,

    v.

CITY OF BERKELEY POLICE
DEPARTMENT, et al.,

        Defendants.

Case No.  13-cv-03407-JCS


**FINAL JURY INSTRUCTIONS**


Dated: March 9, 2015

JOSEPH C. SPERO
United States Magistrate Judge

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

Plaintiff Joyce Hutton has sued City of Berkeley Police Officer Lucero on the basis of an allegedly unlawful traffic stop that occurred on July 10, 2012, conducted by Officer Lucero. Defendants contend the traffic stop was lawful because Plaintiff had driven too closely behind Officer Lucero's vehicle and evaded arrest. They also assert the stop was lawful based on an outstanding warrant that matched Plaintiff's license plate number, even though the name on the warrant was for a man. Plaintiff, on the other hand, claims that Officer Lucero conducted the traffic stop without reasonable suspicion, in violation of the Fourth Amendment of the United States Constitution because Plaintiff had not committed a traffic violation or evaded arrest, and to the extent Officer Lucero conducted the stop on the basis of the outstanding warrant, she should have stopped the inquiry and allowed Plaintiff to proceed as soon as she saw that Plaintiff was a woman.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 3

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 4

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the parties have agreed.

# JURY INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# JURY INSTRUCTION NO. 7

## RULING ON OBJECTIONS

As I instructed you at the outset of the case, there are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been. Similarly, if  I ordered that evidence be stricken from the record and that you disregard or ignore the evidence, you must not consider the evidence that I told you to disregard.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESS**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness has said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 9

## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

The plaintiff brings her claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**JURY INSTRUCTION NO. 11**

**SECTION 1983 CLAIM**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claim against Officer Lucero, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Officer Lucero acted under color of law; and

2. The acts of Officer Lucero deprived the Plaintiff of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Officer Lucero acted under color of law.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12**

**PARTICULAR RIGHTS – FOURTH AMENDMENT –UNREASONABLE**

**TRAFFIC STOP OF PERSON**

Under the Fourth Amendment, a seizure of a person for an investigatory traffic stop must be reasonable.  An investigatory traffic stop is reasonable if, under all of the circumstances known to the officer at the time:

1. the officer had a reasonable suspicion that the person who was subject to the investigatory stop was engaged in a traffic violation or was evading arrest;  or

2.  the officer had a reasonable suspicion that the person who was subject to the investigatory stop was the individual named in an outstanding warrant linked to the vehicle; and

3. the length and scope of the seizure was reasonable.

"Reasonable suspicion" is an objectively reasonable belief based on specific and articulable facts.

If you find that Officer Lucero had reasonable suspicion based on her belief that Plaintiff had followed too closely or evaded arrest, the stop was lawful and you must find in favor of Defendants on Plaintiff's claim under 42 U.S.C. § 1983.  If you find by a preponderance of the evidence that Officer Lucero did not have reasonable suspicion based on her belief that Plaintiff followed too closely or evaded arrest, you must find in favor of Plaintiff because Officer Lucero had a duty to discontinue the inquiry when she realized that Plaintiff was a woman and therefore she could not reasonably have been the individual named in the warrant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 13**

**CAUSATION**

In order to prevail on her claims under 42 U.S.C. § 1983 Plaintiff must establish by the preponderance of the evidence that the traffic stop conducted by Officer Lucero was a substantial factor in causing Plaintiff's injury.  A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

United States District Court
Northern District of California

**DAMAGES.**

**JURY INSTRUCTION NO. 14**

**COMPENSATORY DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

The reasonable value of any property that plaintiff lost.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 15

### COMPENSATORY DAMAGES –MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

# JURY INSTRUCTION NO. 16

## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Officer Lucero's conduct that harmed Hutton was malicious, oppressive or in reckless disregard of the Hutton's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

1

2

**JURY INSTRUCTION NO. 17**

**DUTY TO DELIBERATE**

3       When you begin your deliberations, you should elect one member of the jury as your

4 presiding juror. That person will preside over the deliberations and speak for you here in court.

5       You will then discuss the case with your fellow jurors to reach agreement if you can do so.

6 Your verdict must be unanimous.

7       Each of you must decide the case for yourself, but you should do so only after you have

8 considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

9 your fellow jurors.

10       Do not hesitate to change your opinion if the discussion persuades you that you should. Do

11 not come to a decision simply because other jurors think it is right.

12       It is important that you attempt to reach a unanimous verdict but, of course, only if each of

13 you can do so after having made your own conscientious decision. Do not change an honest belief

14 about the weight and effect of the evidence simply to reach a verdict.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 18**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 19**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, Ms. Karen Hom, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 20**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.